## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES L. BROOKS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )            **Case No. 24-2188-KHV-ADM** |
| | ) |
| **BNY MELLON TRUST et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### DEFENDANT'S MOTION TO DISMISS

Defendant State of Kansas ("Defendant") respectfully requests, by and through its counsel of record, that the Court dismiss the claims against it under Fed. R. Civ. P. 12(b)(1) and (b)(6).

Plaintiff James L. Brooks alleges a list of claims against numerous Defendants, the State of Kansas being one.[1]  Brooks seeks "punitive" damages in the amount of $1 billion. (Doc. 1 at 4.) Brooks' factual allegations in his complaint are hard to understand.  Due to Brooks rescinding his Social Security account and number in 1990, he is unable to cash checks from his mother's estate and wife's life insurance.  (Doc. 1 at 10-11.)  Brooks is not a socialist and declared so in 1990. (Doc. 1 at 17.)  In Claim #3 Brooks' says, "State of Kansas seized $11,000 of Minnesota Hospital Revenue Bonds in 1990." (Doc. 1 at 10-11.)  In Claim #17 Brooks' also states that he is "blacklisted" by the Johnson County District Court, the Wyandotte County District Court, and discusses one federal judge, "KHV." (Doc. 1 at 18.)  In that same claim, Brooks' alleges that

---

[1] Other defendants include: BNY Mellon Trust of Delaware, National Financial Services, LLC (checks issuer and servicer), J.W. Cole Financial, Inc., TransAmerica Life Insurance Company, LendNation, Federal Trade Commission, and Internal Revenue Service. (Doc. 1 at 7.)

"the State of Kansas is a defendant for a very good reason," but fails to allege such reason other than vaguely referring to "past behavior." (Doc. 1 at 18.)

He formulated a "jurisdictional statement" that includes: "1st Amendment (free speech); Amendment 4 (uniform due process of law); Article 1 Section 8 (interstate commerce, interstate bank fraud, interstate mail fraud); Article 1 Section 10 (bills of attainder, laws impairing the obligation of contracts, titles of nobility); Article VI Clause 3 (oaths of office); Article VI Section 4 (contents of oath of office); Federal Tort Claims Act (28 USC Part VI Chapter 171 Sections 2671-2680- suits against federal agencies); two different conspiracies working at once (e.g. Judge John Sirica questioning G. Gordon Liddy about Watergate upon sniffing the aroma of conspiracy, a power of Article III judges for cases in Law and Equity); a civil claim under Section 43(a) of the Lanham Act- 15 U.S.C. §§ 1051 et seq- for false and misleading advertising; the federal issue of reverse money laundering through fraud and deception and impairment of the obligation of contracts with conspiracy to do so; the Kansas version of the Uniform Commercial Code (KCC); conspiracy- not actionable as a stand-alone tort- but depends on the situation described by the Restatement of Torts (2nd) and the Restatement of Torts (3rd) Liability for Economic Harm, § 27, Comment B; self-described Socialists are ineligible for public office whether appointed or elected (Part of Article VI above)." (Doc. 1 at 6.)

Brooks' claims should be dismissed against the State of Kansas for lack of subject-matter jurisdiction due to the Eleventh Amendment's immunity against suits brought by a state's own citizens. Brooks' claims against the State of Kansas should also be dismissed for failure to state a claim. To the extent Brooks is making a claim based on events from 1990, it should be dismissed as untimely. Any remaining claim by Brooks' in his "jurisdictional statement" should be dismissed against the State of Kansas for lack of subject-matter jurisdiction because Brooks

does not have standing to sue the State of Kansas due to lack of causation and redressability.

Lastly, the Court should decline to exercise supplemental jurisdiction over the state law claims,

or, alternatively, should dismiss them on the merits.

## ARGUMENTS AND AUTHORITES

I.    **Brooks' § 1983 and Lanham Act claims against the State of Kansas should be dismissed for lack of subject-matter jurisdiction due to Eleventh Amendment Immunity.**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims

for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They

possess only that power authorized by Constitution and statute." *Kline v. Biles*, 861 F.3d 1177,

1180 (10th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994)). Brooks, as the party invoking the Court's jurisdiction, bears the burden of showing its

existence. *Id.* "A court lacking jurisdiction cannot render judgment but must dismiss the cause at

any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Siloam*

*Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Eleventh Amendment immunity extends to suits brought by citizens against their own

state. *LaFavre v. Kansas ex rel. Stovall*, 6 F. App'x 799, 802 (10th Cir. 2001).  Once effectively

asserted, Eleventh Amendment immunity bars the exercise of subject-matter jurisdiction.

*Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019).  The Eleventh

Amendment provides immunity to States, as sovereigns, from suit in federal court absent consent

or abrogation of that immunity by Congress. *Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 73 (2000).

Here, the named Defendant in Brooks' suit is the State of Kansas. The State of Kansas qualifies as a sovereign for purposes of Eleventh Amendment immunity and is not a proper party to this suit.  The State of Kansas has not consented to be sued in this Court. Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Further, although the Trademark Remedy Clarification Act purported to abrogate Eleventh Amendment immunity for purposes of false and misleading advertisement under§ 43(a) of the Lanham Act of 1946, the Supreme Court held that sovereign immunity was not validly abrogated by Congress. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 691(1999). Therefore, any of his Constitutional and Trademark Act claims should be dismissed for lack of subject matter jurisdiction.

## II.    Brooks fails to state a claim upon which relief can be granted.

On a Rule 12(b)(6) motion to dismiss a court must accept as true all well-pleaded factual allegations in the complaint.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  A complaint must contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Brownback v. King*, 141 S. Ct. 740, 749 (2021) ("a plaintiff must plausibly allege all jurisdictional elements"). Although courts have traditionally construed *pro se* pleadings in a liberal fashion, this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)

## A. Conspiracy allegation

Brooks alleges a "conspiracy" that the Johnson County District Court and Wyandotte County District Court have "blacklisted" him. (Doc. 1 at 17.) He defines blacklisting as "removing his pro se recognition in the lower courts and making attorneys at law unavailable" and "saying to any lawyer, stay away, this guy is dangerous." (Doc. 1 at 17-18.) This does not provide enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The elements of an actionable civil conspiracy under Kansas law include: "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds in the object or cause of action, (4) one or more unlawful overt acts, and (5) damages as the proximate result thereof." *Cent. Nat'l Bank v. Est. of Weber*, 408 P.3d 494 (Kan. Ct. App. 2017). By alleging that he was "blacklisted" without more context would be a conclusory allegation lacking facts to plausibly state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (saying a court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). Brooks does not identify specific people involved in a conspiracy, let alone how those individuals came to a meeting of the minds. Additionally, no unlawful overt acts were alleged by Brooks. As such, Brooks appears has failed to state a claim against the state district courts, let alone one upon which relief may be granted. This complaint should be dismissed.

## B. Other allegation mentioning the State of Kansas.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Brooks mentions the Defendant when he alleges, "the State of Kansas is a defendant for a very good reason. Past behavior is an indication of future behavior." (Doc. 1 at 18.) This statement is a conclusory allegation lacking any facts to plausibly state a claim against the Defendant and should be dismissed.

5

**III.** **State of Kansas is entitled to a dismissal of Brooks' taking claims because they are untimely and barred by the applicable two-year statute of limitations.**

"[A]lthough a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished." *Radloff-Francis v. Wyo. Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). The plaintiff then "has the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1041 n.4.

For § 1983 claims, the forum state's statute of limitations for personal injury actions applies. *Jenkins v. Chance*, 762 F. App'x 450, 454 (10th Cir. 2019) (citing *Owens v. Okure*, 488 U.S. 235, 240-41 (1989)).  If the forum state has multiple statutes of limitations for personal injury actions, the general or residual statute of limitations for personal injury actions applies. *Id.* (citing *Owens*, 488 U.S. at 249-50 (1989)). In Kansas, a two-year statute of limitations under K.S.A. 60-513(a)(2) applies for "an action of taking, detaining, or injuring personal property, including actions for the specific recovery thereof."  *See generally M.A.C. v. Gildner*, 853 F. App'x 207, 209 (10th Cir. 2021) (citing *Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984) holding that the two-year statute of limitations under K.S.A. 60-613(a)(4) applies to § 1983 claims.)

Brooks' alleges that in 1990, State of Kansas seized $11,000 of Minnesota Hospital Revenue Bonds after he rescinded his social security account.  (Doc. 1 at 11-12.)  Brooks filed this complaint May 2, 2024. (Doc. 1 at 1.) To the extent this is a Takings Clause claim, the two-year statute of limitations applies to Brooks' § 1983 claim and it has been over 30 years since the alleged wrongdoing.  Brooks' § 1983 claims are barred by the statute of limitations.

**IV.** **Brooks fails to establish constitutional standing for his remaining claims due to lack of causation and redressability.**

To establish federal subject-matter jurisdiction, a plaintiff must show that they have standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The "irreducible constitutional minimum of standing" contains a triad of requirements: injury in fact, causation, and redressability. *Id*. at 102-03. This triad "constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103-04. To establish causation, "there must be . . . a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id*. at 103. Redressability is established when the relief sought serves to either reimburse the plaintiff for losses or to eliminate lingering effects of losses. *See id.* at 105-06. Plaintiffs "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

**A.** **Brooks' claims fail against the State of Kansas because he does not allege a sufficient connection between his alleged injuries and the alleged wrongdoing.**

To address the rest of the "jurisdictional statement," Brooks does not allege how the State of Kansas caused his injuries and what those injuries even are.  He does not allege how the State of Kansas violated his Freedom of Speech under the First Amendment.  He does not allege how the State of Kansas violated his Fourth Amendment right. He discusses interstate bank fraud as a conspiracy but does not list the State of Kansas as a "notable" party. (Doc. 1 at 14.) He does not allege how the State of Kansas violated the Lanham Act by way of false or misleading advertisement.  The only claim relating to any advertisements is in relation to a Bank and not the State of Kansas. (Doc. 1 at 11.)  Brooks' allegations are wholly conclusory and fail to show any connection between Defendant's actions and his injuries.

7

**B. Brooks' claims fail against the State of Kansas because he fails to establish the redressability requirement for standing.**

Additionally, Brooks fails to establish the redressability requirement for standing under Article III. He does not allege how the State of Kansas violated the Federal Tort Claims Act, and even if Brooks plausibly alleged causation under the Act, the claim would not be redressable by the Court as the statute only applies to federal officers or employees. 28 U.S.C. § 2671. Brooks lists provisions of Article I and VI of the United States Constitution in his jurisdictional statement. (Doc. 1 at 6.) Those Articles do not create a private right of action for redressability purposes. *See Bey v. Terminix Int'l, L.P.,* No. 217CV02597SHLCGC, 2018 WL 3552348, at \*3 (W.D. Tenn. July 24, 2018), *report and recommendation adopted*, No. 217CV02597SHLCGC, 2018 WL 4407254 (W.D. Tenn. Sept. 17, 2018) (stating that none of the clauses in Article VI create a private right of action); *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 325 (2015) (stating that the Supremacy Clause in Article VI "certainly does not create a cause of action"); *Carter v. ALK Holdings, Inc.,* 605 F.3d 1319, 1325 (Fed. Cir. 2010) (saying Patent Clause in Article I of the Constitution does not create a private right of action when discussing Congress' powers). Because Brooks' cannot satisfy the causation and redressability requirements to establish standing necessary for this Court to have subject-matter jurisdiction, this complaint should be dismissed.

**V.    The Court should decline to exercise supplemental jurisdiction over the state law claims, or alternatively, should dismiss them.**

**A. The Court should decline to exercise supplemental jurisdiction over the state law claims given the absence of a sufficient federal claim.**

"When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Here, all federal claims should be dismissed for the reasons

outlined above, and the Court should decline to exercise jurisdiction over any remaining state claims.

**B. Alternatively, the Court should dismiss the state law claims for lack of standing and failure to state a claim.**

If the Court decides to exercise supplemental jurisdiction, it should dismiss any state law claims against the State of Kansas. Brooks alleges a violation of "the Kansas version of the Uniform Commercial Code" stating that none of the Defendants have performed with "good intentions." (Doc. 1 at 14.) Brooks does not allege what provision and in what manner the State of Kansas violated the Kansas Uniform Commercial Code that caused him injury for Article III standing requirements. Further, Brooks again alleges a conclusory allegation lacking facts to plausibly state a claim. *See Iqbal*, 556 U.S. at 678. Additionally, to the extent that the conspiracy claim is considered as a state law claim, it too should be dismissed for a failure to state a claim as described above in section II.

Respectfully submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

*/s/ Sydney C. Walsh*
Sydney C. Walsh, KS No. 29762
Assistant Attorney General
Shon D. Qualseth, KS No. 18369
First Asst. Attorney General/Sr. Trial Counsel
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Sydney.walsh@ag.ks.gov
Shon.Qualseth@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy served by means of first-class mail, postage prepaid, addressed to:

James L. Brooks
7700 Kessler Lane
Overland Park, KS 66204
*Plaintiff, pro se*

/s/ Sydney C. Walsh
Sydney C. Walsh
Assistant Attorney General