IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES L. BROOKS,

                Plaintiff,

vs.                                  Case No. 2:24-cv-2188-KHV-ADM

BANK OF NEW YORK
MELLON TRUST CO., et al.,

                Defendants.

## FEDERAL DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S CLAIMS AGAINST THE IRS AND FTC

    The United States, on behalf of the United States Internal Revenue Service (IRS) and Federal Trade Commission (FTC) (Federal Defendants), files this motion to dismiss all of Plaintiff's claims against Federal Defendants pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, 12(b)(6) for failure to state a plausible claim.

## Overview

    Prior to commencing this action in federal district court, pro se Plaintiff James L. Brooks alleges that he "rescinded his Social Security Contract and account and number in 1990 for cause of fraud." Plaintiff's Complaint (Doc. 1). Plaintiff states his attempted rescission was rejected by the IRS. (Doc. 1). Plaintiff further alleges he is unable to cash checks received from an inheritance due to his "rescission." (Doc. 1). Construed liberally, Plaintiff's alleged rescission provides the foundation for the claims against Federal Defendants, in which he alleges the FTC or the IRS, or both, have conspired against him to stop him from cashing checks. (Doc. 1). Plaintiff does not allege that he exhausted his administrative remedies under the Federal Tort Claims Act (FTCA) before commencing this case in federal district court, and he has not exhausted administrative

remedies with either the FTC or IRS. (Exhibit A, Declaration of Richard T. Gold, FTC; Exhibit B, Declaration of Mary-Ellan Krcha, IRS). Plaintiff seeks only punitive damages from the Federal Defendants in the amount of $1,000,000,000. (Doc. 1).

The Federal Defendants file this motion to dismiss Plaintiff's claims against the Federal Defendants based upon lack of a case or controversy establishing subject matter jurisdiction over those claims. In addition to that insurmountable obstacle, Plaintiff has neither properly named the United States as the defendant, nor exhausted administrative remedies provided for within the FTCA for either of his claims against the IRS or the FTC. Even if Plaintiff had named the United States as the proper defendant and could prove that he exhausted his administrative remedies before commencing this case, his constitutional tort and intentional tort claims are barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction. Finally, Plaintiff's claims for punitive damages of $1,000,000,000 are expressly barred by sovereign immunity under the FTCA. Alternatively, Plaintiff's Complaint fails to assert a plausible claim against the Federal Defendants and should be dismissed under Rule 12(b)(6).

## Legal Standards

### A.   Rule 12(b)(1) Standards

"The federal courts are courts of limited subject-matter jurisdiction." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). The Constitution and acts of Congress establish the limits on this Court's jurisdiction. *Id.* "Thus, [the courts] always have an independent obligation—no matter the stage of litigation—to consider whether a case creates a live case or controversy and belongs in federal court." *Id.* "The concept of sovereign immunity means that the United States cannot be sued without its consent." *Iowa Tribe v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks,* 960 F.2d 911, 913 (10th Cir. 1992).

2

"Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." *Id.* To survive dismissal under sovereign immunity, a plaintiff must establish the United States has waived sovereign immunity relating to that claim. *Askew v. United States*, No. 23-3046, 2024 U.S. App. LEXIS 1470, at *7 (10th Cir. Jan. 23, 2024) (holding it was impossible for plaintiff to show sovereign immunity waiver, because waiver could only be made statutorily, and the United States has not waived immunity from suit for constitutional claims for damages).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint based on lack of subject matter jurisdiction. *See Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002). This Court may dismiss a claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) by assuming either all well-pleaded facts are true, or where facts underlying subject matter jurisdiction are challenged, the Court has discretion to allow affidavits and other documents to resolve jurisdictional facts. *Id.; see also Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When reviewing a motion to dismiss, the Court is not required to accept conclusory allegations, unwarranted inferences, or legal conclusions in a complaint. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). The Court does not defer to allegations in the complaint that constitute legal questions, because those issues are within the purview of the Court. *Id.* at 1257.

"A court lacking jurisdiction cannot render judgement but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citing *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 870 (10th Cir. 2017); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."). To survive dismissal under sovereign immunity, a plaintiff must establish the United States has waived sovereign immunity relating to that claim. *Askew v. United States*, No. 23-3046, 2024 U.S. App. LEXIS 1470, at *7 (10th Cir. Jan. 23, 2024) (holding it was impossible for plaintiff to show sovereign immunity waiver, because waiver could only be made statutorily, and law clearly showed no waived immunity from suit for constitutional claims for damages).

### B.     Rule 12(b)(6) Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs' claims in complaints to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and that is "*plausible on its face." Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). A plaintiff's complaint must include more than labels, legal conclusions, and formulaic recitations of the cause of actions elements. *Id.* at 545. The facts pled must provide more than a speculative chance of the right to relief. *Id*.

Furthermore, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). Facial plausibility is found "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Tenth Circuit has further clarified this standard by holding that the "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a *reasonable likelihood* of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis altered); *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008). "In evaluating a motion to dismiss, we may consider not only the complaint, but also the attached exhibits and

4

documents incorporated into the complaint by reference." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) (citing *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009)).

### C. Pro se Litigant Standards

Plaintiff is proceeding pro se in this case. "[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted). In *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), the Tenth Circuit stated:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Id.* at 1110; *see also Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). Additionally, it is not the proper function of the district court to assume the role of the advocate for the pro se litigant. *See Hall*, 935 F.2d at 1110. While a court must liberally construe a pro se plaintiff's complaint, "[P]ro se litigants must comply with the Federal Rules of Civil Procedure. Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure." *Baker v. City of Loveland*, 686 F.App'x 619, 620 n.1 (10th Cir. 2017). The court is not to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## Analysis

### I. PLAINTIFF'S CLAIMS AGAINST FEDERAL DEFENDANTS SHOULD BE DISMISSED PURSUANT TO FED. R. CIV.P 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

**A. Plaintiff's claims against the Federal Defendants do not present a live case or controversy.**

5

Plaintiffs' claims against the Federal Defendants are so insubstantial and implausible that the court lacks jurisdiction over their claims. *See Olsen v. Aebersold*, 71 F. App'x 7, 9 (10th Cir. 2003) (courts lack jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions, . . . or otherwise completely devoid of merit as not to involve a federal controversy" (citation and quotation omitted)); *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *2-3, 7 (D. Kan. Apr. 2, 2010) (dismissing, as insubstantial, action under FISA and the Patriot Act alleging that former state legislator and other officials unlawfully surveilled plaintiff and "use[d] a 'steroid cocktail' to try and cause [the] death" of plaintiff's spouse, stating "[c]laims presenting bizarre conspiracy theories or describing fantastic government manipulations exemplify matters which may be dismissed . . . for lack of subject matter jurisdiction") (collecting similar cases), *aff'd*, 391 F. App'x 745 (10th Cir. 2010); *Thibeaux v. Cain*, 448 F. App'x 863, 864 (10th Cir. 2012) (affirming dismissal of Section 1983 action alleging secret surveillance of plaintiff, stating "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible" (quotation and alteration omitted)); *Tarshik v. Kansas*, 327 F. App'x 56, 57 (10th Cir. 2009) (affirming dismissal of "insubstantial" action alleging that defendants participated in an "organized crime syndicate which has repeatedly tried to poison him and caused him a variety of injuries"). Because Plaintiffs' claims against the Federal Defendants are so frail, those claims should be dismissed for lack of subject matter jurisdiction.

Plaintiff's Complaint contains no allegations forming a live case or controversy proper for this Court's subject matter jurisdiction. The claims pertaining to Federal Defendants are likely claims three, six, eight, ten, and eighteen. These claims, construed liberally, seem to be that Plaintiff "rescinded" his Social Security number and account through correspondence, which Plaintiff then acknowledges the IRS ultimately rejected. The remainder of Plaintiff's claims use

the basis of this "rescission" to allege Federal Defendants are in a conspiracy with several financial institutions also listed as defendants to stop Plaintiff from cashing checks. Plaintiff's claims are devoid of merit in a manner warranting dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.

In Plaintiff's claim three, Plaintiff states the "rescission" of his Social Security account in more detail. Plaintiff attempts to make legal arguments based on the rescission doctrine, and conclusory allegations stating the IRS and Social Security have not complied with rescission. The authority for Plaintiff's alleged rescission here does not exist. The Social Security Administration's website addresses this issue in a series debunking Social Security myths: "Persons working in employment covered by Social Security are subject to the FICA payroll tax. Like all taxes, this has never been voluntary. From the first days of the program to the present, anyone working on a job covered by Social Security has been obligated to pay their payroll taxes." *Debunking Some Internet Myths*, Social Security Administration, https://www.ssa.gov/history/InternetMyths.html (last visited Jun. 12, 2024).[1] Plaintiff's claim three not only states an act which is not possible, but further uses this claim as a basis for the others. Plaintiff's claim three has no basis in reality and must be dismissed for lack of subject matter jurisdiction.

Plaintiff's claim six alleges the FTC processed a complaint which he made regarding "suspect checks," and that this complaint was passed to an agency Plaintiff names as "the FIBC." The "FIBC" is not an existing federal agency. To the extent that Plaintiff asserts a claim against a

---

[1] "[G]overnment websites are self-authenticating under Fed. R. Evid. 902(5)." *Ray v. Core Carrier Corp.*, No. 20-CV-02448-JAR-TJJ, 2021 WL 1196444, at *4 (D. Kan. Mar. 30, 2021) *See, e.g.*, *Haines v. Home Depot U.S.A., Inc.*, No. 1:10-cv-01763, 2012 WL 1143648, at *8 (E.D. Cal. Apr. 4, 2012) ("Federal courts consider records from government websites to be self-authenticating under Rule 902(5)." (citations omitted)); *Assoc. Indem. Corp. v. Small*, No. 06-00187-CV-W-REL, 2008 WL 11338112, at *12 (W.D. Mo. Feb. 20, 2008) (collecting cases).

non-existent entity, that claim fails as a matter of law. To the extent that claim six is a claim against the FTC, Plaintiff's claim six is meritless and must be dismissed for lack of subject matter jurisdiction or for failure to state a plausible claim. Further, Plaintiff's claims eight, ten, and eighteen, construed liberally, state no plausible, non-fanciful, claim. Plaintiff self-defines "axiom" in previous claims and attempts to use it throughout Plaintiff's complaint as means to assert absolute truth. In Plaintiff's claims eight, ten, and eighteen, Plaintiff simply states facts as he believes them in these claims, and makes no attempt to articulate any harm.

In the event that this court finds a live case or controversy in regard to Plaintiff's claims against the Federal Defendants, in the balance of this motion, the Federal Defendants analyze the Plaintiffs' claims against them to demonstrate that those claims are barred by sovereign immunity or fail to state a plausible claim against the Federal Defendants

### B. Even if the court finds a live case or controversy in regard to Plaintiff's claims against the Federal Defendants, Plaintiff's claims against the Federal Defendants are barred by sovereign immunity.

Plaintiff's claims against Federal Defendants, which fall under the FTCA, are barred by sovereign immunity. "The concept of sovereign immunity means that the United States cannot be sued without its consent." *Iowa Tribe v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks,* 960 F.2d 911, 913 (10th Cir. 1992). "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." *Id.* To survive dismissal under sovereign immunity, a plaintiff must establish the United States has waived sovereign immunity relating to that claim. *Askew v. United States*, No. 23-3046, 2024 U.S. App. LEXIS 1470, at *7 (10th Cir. Jan. 23, 2024) (holding it was impossible for plaintiff to show sovereign immunity waiver, because waiver could only be

made statutorily, and the United States has not waived immunity from suit for constitutional claims for damages).

### 1. Only the United States is a Proper Defendant Under the FTCA

While difficult to discern from his Complaint, if Plaintiff intends to allege tort claims against the Federal Defendants in the action, Plaintiff fails to name the United States as a party—dooming his claims to dismissal for lack of subject matter jurisdiction. "The United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001).

> As an initial matter, we, like the district court, note that Smith asserted his FTCA claim against all the named defendants. "The United States is the only proper defendant in an FTCA action." *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 n. 4 (10th Cir.2001). Thus, the district court correctly dismissed Smith's FTCA claims against every defendant except the United States on the ground that those defendants were not proper parties.

*Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). *See Wilson v. U.S. Marshals Serv.*, 17-3224-SAC, 2018 WL 4681638, at *5 (D. Kan. Sept. 28, 2018) (same). Plaintiff roughly makes claims against the IRS and the FTC without listing the United States as a named defendant. The United States is the only proper defendant in a suit against the United States, and if not so listed, Plaintiff's claims against Federal Defendants must be dismissed.

### 2. Plaintiff's Tort Claims Against the United States must be dismissed for failure to exhaust his administrative remedies under the FTCA.

Because Plaintiff's Amended Complaint does not allege that he exhausted his administrative remedies under the FTCA before commencing this suit in federal district court, the United States challenges subject matter jurisdiction on that additional basis. The FTCA provides that an "'action shall not be instituted upon a claim against the United States for money

9

damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (*quoting* 28 U.S.C. § 2675(a)).

> "[B]efore an individual can bring a lawsuit against the United States under the FTCA he or she must exhaust administrative remedies by presenting the claim to the appropriate federal agency and allowing the agency to finally deny the claim. 28 U.S.C. § 2675(a); *see also Three-M Enterprises, Inc.*, 548 F.2d at 294-95. . . . This exhaustion requirement is jurisdictional and cannot be waived. *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016); *see also Barnes*, 776 F.3d at 1139 ("The administrative-exhaustion requirement applicable to FTCA claims 'bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.'" (*citing McNeil v. United States*, 508 U.S. 106, 113 (1993))); *Lurch v. United States*, 719 F.2d 333, 335 (10th Cir. 1983) ("Bringing an administrative claim is a prerequisite before suit can be brought in United State District Court under the FTCA. The administrative claim must be denied by the agency either in writing or by failure to make a final disposition within six months of filing before claimant can sue." (*citing* 28 U.S.C. § 2675)). Plaintiffs bear the burden to prove they complied with the FTCA exhaustion requirements. *Wagner v. Jones*, No. CV-13-771 CG/WPL, 2014 WL 12789015, at *7 (D.N.M. Aug. 5, 2014).

*Lucero v. United States*, No. CV 17-0634 SCY/JHR, 2019 WL 2869059, at *2-3 (D.N.M. July 3, 2019).

In fact, Federal Defendants have no record of initiation of any administrative requests for relief by Plaintiff. *See* Exhibits A and B. Unless Plaintiff can demonstrate that he complied with all of the requirements necessary to exhaust FTCA claim before commencing this suit, his unexhausted FTCA claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction. *See Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954 (10th Cir. 2007) ("To the extent that Greenlee asserts that the Postal Service neglected to protect him from the nefarious actions of other federal entities, he has failed to demonstrate timely exhaustion of his administrative remedies under the FTCA. *See* 28 U.S.C. § 2401(b).").

   3. **Plaintiff's constitutional and intentional tort claims against the Federal Defendants are barred by Sovereign Immunity.**

Although this Court could grant Plaintiff leave to amend his Complaint to name the United

States as the properly Defendant, it should not do so on the basis of futility because the Plaintiff has not exhausted administrative remedies under the FTCA, and as explained below, claims for intentional torts, constitutional torts, and claims for punitive damages are barred by sovereign immunity. Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). If it appears that no amendment of a plaintiff's complaint will satisfy the requirement for stating a claim upon which relief may be granted, then a district court may dismiss the case even without resort to the procedure for amending a complaint under Rule 15(a). *See Mt. View Pharm. v. Abbott Laboratories*, 630 F.2d 1383, 1389 (10th Cir. 1980).

If Plaintiff were to name the United States as a proper party, and even if he does demonstrate that he exhausted administrative remedies under the FTCA, Plaintiff's claims would still be barred under sovereign immunity. Plaintiff's intentional tort and constitutional tort claims against the United States are nevertheless barred by sovereign immunity. *See* 28 U.S.C. § 2680(h) (waiver of sovereign immunity does not extend to claims arising out of assault, battery or other specified intentional tort claims); *Greenlee,* 247 F. App'x at 955 ("As for Greenlee's allegations that the Postal Service has intentionally and directly harmed him and his property, his claims fall outside the FTCA—and the district court's jurisdiction—because of the FTCA's intentional tort exception."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994) (constitutional tort claims against the United States are barred by sovereign immunity); *Davenport v. U.S. Dep't of Treasury,* No.

14-2527, 2015 WL 1346847, at *3 (D. Kan. Mar. 25, 2015) ("To the extent plaintiff asserts a *Bivens* or constitutional tort claim against the United States, that claim is also barred by sovereign immunity." (*citing Greenlee v. U.S. Postal Serv.*, No. 05–2509 JWL, 2006 WL 2460645, at *1 (D. Kan. Aug. 23, 2006)); *cf., Farr v. United States Gov't*, No. 21-2183-JWB, 2022 WL 124032, at *2 (D. Kan. Jan. 13, 2022) ("Plaintiff's complaint fails to identify a statutory waiver of sovereign immunity that is applicable to her constitutional claims.").

### 4. Plaintiff's claims for punitive damages are barred by sovereign immunity.

In construing Plaintiff's claims liberally with proper deference to pro se litigants, and assuming Plaintiff's allegations as true, Plaintiff has not properly named the United States as the Defendant to his FTCA claims, has not exhausted *or initiated* administrative claims for relief under the FTCA, and makes claims for intentional torts or constitutional torts which are barred by sovereign immunity under the FTCA. Similarly, Plaintiff asserts claims for punitive damages against the Federal Defendants, but those claims are expressly barred by sovereign immunity. *See Hudson v. Cahill*, No. 15-CV-2319-JAR, 2015 WL 6738714, at *3, n. 18 (D. Kan. Nov. 4, 2015) (quoting 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for . . . punitive damages.")). Therefore, the Court must dismiss Plaintiff's claims against Federal Defendants for lack of subject matter jurisdiction and should not grant him leave to amend his Complaint on the basis of futility.

## II. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER FED.R.CIV.P 12(b)(6).

### A. Plaintiff states no claim against Federal Defendants upon which relief can be granted.

In Plaintiff's claims three, six, eight, ten, and eighteen, no request for relief is

made. Plaintiff simply states allegations, recounting of events as he believes them, or conclusory legal arguments. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs' claims in complaints to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and that is "*plausible on its face." Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). A plaintiff's complaint must include more than labels, legal conclusions, and formulaic recitations of the cause of actions elements. *Id.* at 545. The facts pled must provide more than a speculative chance of the right to relief. *Id*.

Most of Plaintiff's claims appear outside of reality. Plaintiff attempts to state elements of his claims as "axiom[s]" or "self-evident fact[s]." Plaintiff assumes that by stating an event and naming it an axiom or self-evident fact, Plaintiff is entitled to relief without requesting any. Plaintiff's only request and justification for relief is found in Plaintiff's Complaint under "The Amount in Controversy" and "Relief" sections. Plaintiff, in the "Relief" section of Plaintiff's complaint writes, "one billion dollars in punitive money damages to be apportioned according to the number and severity of the proven counts found in each defendant, a cumulative $1,000,000,000 total." Similarly, "The Amount in Controversy" section of Plaintiff's Complaint reads, "one billion dollars, for many constitutional torts and 2 big separate ongoing conspiracies, may be assessed severally or jointly by law, but the total remains the same."

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). Facial plausibility is found "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Tenth Circuit has further clarified this standard by holding that the "mere metaphysical possibility that some plaintiff could prove some

set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a *reasonable likelihood* of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis altered); *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir. 2008). "In evaluating a motion to dismiss, we may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) (citing *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009)).

Plaintiff has attempted to assert his entitlement to a large sum of money damages without articulating how Federal Defendants have harmed him in any amounts, and how the damages, if awarded, should be apportioned. The Court need not analyze whether Plaintiff has stated claims for damages with any particularity, because Plaintiff states no claims on which any relief can be granted. Because Plaintiff not only fails to plead with particularity but makes no claim on which relief can be granted by this Court, Plaintiff's claims must be dismissed for failing to state a claim on which relief can be granted and leave to amend should be denied on the basis of futility. *See, e.g.,Sanner v. U.S. Gov't*, 979 F. Supp. 1327, 1328 (D. Kan. 1997) ("The court believes that there is no logical construction of Sanner's complaint from which to divine a cognizable claim against the United States government. . . . Sanner's other incoherent ramblings and implicit suggestions of high level conspiracies are too conclusory or oblique to state a cognizable claim. The court also finds that any attempt to amend the complaint would be futile.").

## Conclusion

Plaintiff's claims against Federal Defendants are devoid of any merit and not based upon reality.  In short, Plaintiff cannot demonstrate that this Court has subject matter jurisdiction over

any of his fanciful claims. Without naming the United States as the proper defendant and without exhausting administrative remedies under the FTCA prior to commencing this case, this Court lacks subject matter jurisdiction over his claims. Similarly, Plaintiff's claims for intentional and constitutional torts as well as his claims for punitive damages are barred by sovereign immunity. If the Court nevertheless finds subject matter jurisdiction over any claims against the Federal Defendants, Plaintiff states no claims upon which relief can be granted, or properly requests any relief. Therefore, Plaintiff's claims against the Federal Defendants must be dismissed.

    Respectfully submitted,

    KATE E. BRUBACHER
    United States Attorney

    s/ Duston J. Slinkard
    DUSTON J. SLINKARD
    Ks. S.Ct. No. 21294
    United States Attorney
    District of Kansas
    500 State Avenue, Suite 360
    Kansas City, Kansas 66101
    PH: (913) 551-6730
    FX: (913) 551-6541
    Email: Duston.Slinkard@usdoj.gov

    Attorneys for the Federal Defendants

CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of filing to all CM/CMECF participants for this case.

The Federal Defendants also mailed a copy of this response to Plaintiff by first class mail to this address:

>James L. Brooks
>7700 Kessler Lane
>Overland Park, KS  66204

s/ Duston J. Slinkard
DUSTON J. SLINKARD