IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES L. BROOKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF NEW YORK MELLON TRUST )<br>COMPANY, et al., )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION<br><br>No. 24-2188-KHV |

**MEMORANDUM AND ORDER**

On May 2, 2024, James L. Brooks filed suit pro se against the United States Internal Revenue Service, the Federal Trade Commission, the State of Kansas, BNY Mellon Trust of Delaware, QC Financial Services, Inc. d/b/a LendNation, J.W. Cole Financial Services, National Financial Services, LLC and Transamerica Life Insurance Company, alleging violations of state and federal law, and seeking one billion dollars in punitive damages. See Complaint For A Civil Case (Doc. #1). On August 14, 2024, the Court sustained defendants' motions to dismiss plaintiff's complaint. See Memorandum And Order (Doc. #65). This matter is before the Court on plaintiff's Motion To Reconsider (1) And Motion For Default Judgment And Motion For Separation Of Parties (Doc. #67) filed August 19, 2024. For reasons set forth below, the Court overrules plaintiff's motion.

**Factual And Procedural Background**

The factual background underlying the parties' dispute is set forth in detail in the Court's Memorandum And Order (Doc. #65).

Highly summarized, in 1990, plaintiff chose to stop using his Social Security number. Because plaintiff does not use his Social Security number, financial institutions have not allowed

him to open bank accounts, deposit checks or cash checks issued to him. In 2023, after his mother and wife each passed away, defendants issued several checks to plaintiff. Despite his many efforts, plaintiff could not cash or deposit the checks.

On May 2, 2024, plaintiff filed suit, asserting 18 counts against defendants. Plaintiff alleged a variety of claims concerning his inability to cash or deposit checks from the proceeds of his late mother's estate and his late wife's insurance policy. Defendants filed seven motions to dismiss plaintiff's complaint.[1] As noted, on August 14, 2024, the Court sustained the motions to dismiss for lack of subject matter jurisdiction over plaintiff's claims. See Memorandum And Order (Doc. #65); see also Judgment (Doc. #66) filed August 14, 2024. On August 19, 2024, plaintiff filed this motion. See Motion To Reconsider (Doc. #67).

On September 10, 2024, plaintiff appealed the Court's order dismissing his case. See Notice Of Appeal (Doc. #74). That same day, the Tenth Circuit abated the appeal pending the Court's disposition of plaintiff's Motion To Reconsider (Doc. #67). See Order (Doc. #77).

**Analysis**

Plaintiff requests that the Court (1) reconsider its order dismissing his case; (2) enter default judgment against all eight defendants for failure to timely answer his complaint; (3) direct the separation of defendants; and (4) allow him to file an amended complaint.

---

[1] Defendant QC Financial Services, Inc.'s Motion To Dismiss (Doc. #25) filed June 11, 2024; Defendant's [State of Kansas] Motion To Dismiss (Doc. #30) filed June 17, 2024; Defendant BNY Mellon Trust Of Delaware's Motion To Dismiss (Doc. #31) filed June 20, 2024; Defendant J.W. Cole Financial Services' Motion To Dismiss (Doc. #40) filed June 26, 2024; Defendant National Financial Services, LLC's Motion To Dismiss Or In The Alternative Compel Arbitration (Doc. #42) filed June 28, 2024; Defendant TransAmerica Life Insurance Company's Motion To Dismiss (Doc. #44) filed July 2, 2024; Federal Defendants' Motion To Dismiss Plaintiff's Claims Against The IRS And FTC (Doc #47) filed July 3, 2024; and Defendant J.W. Cole Financial Services' Motion To Strike Surreply (Doc. #62) filed July 18, 2024.

**I.     Motion To Alter Or Amend The Judgment**

Plaintiff asks the Court to reconsider its dismissal of his case under District of Kansas Local Rule 7.3, which governs motions to reconsider non-dispositive motions. Because plaintiff requests that the Court reconsider its dispositive order, and because plaintiff filed his motion to reconsider within 28 days of the Court's entry of judgment, the Court construes his motion as a Rule 59(e), Fed. R. Civ. P., motion to alter or amend the judgment.

Under Rule 59(e), the Court has discretion to alter or amend a judgment if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is appropriate when the Court has misapprehended a party's position, the facts or the controlling law or the Court has "mistakenly decided issues outside of those the parties presented for determination." In re Sunflower Racing, Inc., 223 B.R. 222, 223 (D. Kan. 1998). Rule 59(e) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. Servants of Paraclete, 204 F.3d at 1012; Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996). Whether to grant a motion for reconsideration is committed to the Court's discretion. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).

Here, plaintiff does not cite an intervening change in controlling law or present new evidence. Plaintiff asks the Court to reconsider its dismissal of his case to correct clear error and prevent manifest injustice. "Clear error" exists when the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc., 259 F.3d 1226, 1235–36 (10th Cir. 2001). The Tenth Circuit has not defined

-3-

"manifest injustice" in the context of reconsideration, but this Court has described the term to mean direct, obvious and observable error.  Hadley v. Hays Med. Ctr., No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017).  Where plaintiff seeks reconsideration to prevent manifest injustice, he can prevail only if he demonstrates injustice that is "indisputable."  Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007)).

Plaintiff has not shown that the Court committed clear error or manifest injustice when it dismissed his case.  Plaintiff relies on personal attacks on the undersigned judge and conclusory allegations of political bias and discrimination, without even plausibly demonstrating that either actually exists.[2]  In addition, plaintiff argues that the Court dismissed his case without justification.

---

[2] Throughout his replies, plaintiff continuously asserts that the undersigned judge should recuse herself from this case.  Although plaintiff has not filed a separate motion to recuse, the Court nevertheless addresses his request.  The appropriate bases for recusal are set forth in 28 U.S.C. §§ 144 and 455.

Under Section 144, a district judge must recuse herself "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  Plaintiff has not filed an affidavit, let alone one which details any personal bias or prejudice on the part of the undersigned judge.  For this reason alone, recusal is not warranted under Section 144.  See Edmond v. Athlete's Foot Group, 15 F. App'x. 738, 740 n.2 (10th Cir. 2001) (recusal not warranted under Section 144 where party seeking recusal does not file affidavit).

Under Section 455(a), a district judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 455(a) does not mandate recusal on the "merest unsubstantiated suggestion of personal bias or prejudice," and is not intended to give litigants a veto power over sitting judges or a means of judge shopping.  United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).  Again, recusal under this statute is not appropriate.  Plaintiff has not shown anything which calls into question the Court's willingness and ability to fairly resolve this case.  Plaintiff, as noted, relies on unsubstantiated, conclusory allegations of political bias.  Under these circumstances, the Court finds no legitimate basis for recusal.

The Court, however, spent several pages of its order articulating why it lacked subject matter jurisdiction over plaintiff's claims.  Plaintiff cannot use a motion for reconsideration as an avenue to rehash the same arguments that the Court has already reviewed and addressed.  Finally, plaintiff argues that the Court misstated the facts of his case, but the Court relied on the facts that plaintiff alleged in his complaint.  Because that is the proper standard in considering motions to dismiss, the Court did not commit direct, obvious or observable error in doing so.

Plaintiff has not demonstrated any clear error or manifest injustice which would require the Court to reconsider its dismissal of plaintiff's complaint against all defendants.  The Court therefore overrules plaintiff's motion for reconsideration.

## II.     Motion For Entry Of Default

Plaintiff asks the Court to enter default judgment against all defendants for failure to timely answer his complaint.  Plaintiff may not proceed directly to default judgment, however, before receiving an entry of default.  Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. Aug. 1, 2007).  Rule 55 contemplates a two-step process by which a party first receives an entry of default under Rule 55(a) and then applies for default judgment under Rule 55(b).  Id. Because plaintiff cannot proceed directly to default judgment, the Court construes his motion as one for entry of default rather than one for default judgment.  Id.

Plaintiff asserts that he is entitled to an entry of default because all eight defendants failed to answer his complaint.  Under Federal Rule of Civil Procedure 12(a)(1)(A), defendants have 21 days to file an answer after being served with plaintiff's complaint and summons, or 60 days if defendants timely waive service.  Fed. R. Civ. P. 12(a)(1)(A)(i)–(ii).  If defendants file a motion to dismiss, they need not file an answer within that timeframe because the filing of such motion "toll[s] the time to answer."  Marquez v. Cable One, Inc., 463 F.3d 1118, 1120 (10th Cir. 2006).

Here, all eight defendants filed motions to dismiss plaintiff's complaint. None of them were required to answer plaintiff's complaint unless the Court denied the motions to dismiss. Fed. R. Civ. P. 12(a)(4)(A). Defendants were not in default before the Court entered its Memorandum And Order (Doc. #65), and they are not in default now. Accordingly, the Court overrules plaintiff's motion for entry of default.

### III. Motion For Separation Of Defendants

Plaintiff asks the Court to separate defendants so that he can specify which allegations relate to each defendant. It is unclear whether plaintiff wants the Court to initiate a new case for each defendant, or to keep the present case and require separate pleadings for each defendant. Either way, the Court finds no legal authority for plaintiff's proposition that the Court should have ordered—and should still order—the separation of defendants so that plaintiff can assert specific claims against specific defendants.

Plaintiff is the master of his complaint and is free to decide what allegations and law he will rely on when filing suit. See Pirotte v. HCP Prairie Vill. KS OPCO LLC, 580 F. Supp. 3d 1012, 1025 (D. Kan. 2022). In his complaint, plaintiff had every opportunity to specify the claims—and corresponding factual allegations—that he was asserting against each defendant. The Court therefore overrules plaintiff's motion for separation of defendants.

### IV. Motion For Leave To Amend His Complaint

Similarly, plaintiff asks that the Court allow him to file an amended complaint to clarify which claims he is bringing against which defendants.

Rule 15(a), Fed. R. Civ. P., allows a party to amend his pleading with the opposing party's consent or with leave of court. Fed. R. Civ. P. 15(a)(2). The Court should freely grant leave when justice so requires. Id. "[A] request for leave to amend must give adequate notice to the district

court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." Sullivan v. Univ. of Kansas Hosp. Auth., 844 F. App'x 43, 51 (10th Cir. 2021). For this reason, District of Kansas Local Rule 15.1(a) also requires that the party seeking to amend "set forth a concise statement of the amendment" and "attach the proposed pleading or other document" to the motion. The Court may properly deny leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason. Bauchman for Bauchman v. W. High Sch., 132 F.3d 542, 562 (10th Cir. 1997).

Here, plaintiff has not provided the Court with his proposed amended complaint. Accordingly, plaintiff's request does not give adequate notice to the Court or defendants, and the Court cannot address the futility of any amendment. The Court therefore overrules plaintiff's request for leave to amend his complaint.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Reconsider (1) And Motion For Default Judgment And Motion For Separation Of Parties (Doc. #67) filed August 19, 2024 is **OVERRULED**. **The Court directs the Clerk to supplement the preliminary record on appeal.**

Dated this 19th day of September, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge